**GORDON & REES LLP**
By: Jeremi L. Chylinski, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
P: (212) 269-5500
F: (212) 269-5505
jchylinski@grsm.com

*Attorneys for Defendant GSH Associates, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRKPATRICK B. DUNBAR,<br><br>                    Plaintiff,<br><br>v.<br><br>JUICE PRESS, LLC and GSH ASSOCIATES, LLC,<br><br>                    Defendants. | Civil Action No.: 1:19-CV-03960<br><br>**DEFENDANT GSH ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant GSH Associates, LLC, by and through its undersigned counsel, and for its answer and other defenses to Plaintiff's Complaint, states as follows:

## INJUNCTIVE RELEIF SOUGHT

The initial paragraph of the Complaint contains a summary of Plaintiff's claims and calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

## JURISDICTION

1.      Defendant admits that this Court has original jurisdiction over Plaintiff's federal claims and that the Court may, in its discretion, exercise supplemental jurisdiction over Plaintiff's state and city law claims. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits that venue is proper in the United States District Court for the

Southern District of New York.

## PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 3 of the Complaint and, therefore, denies those allegations. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

8. Paragraph 8 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION

9. Paragraph 9 of the Complaint contains the enactment date for the ADA, to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

10. Paragraph 10 of the Complaint contains quotes from the statement of findings of the ADA, to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

11. Paragraph 11 of the Complaint contains quotes from the ADA's stated purpose, to which no response is required. To the extent a response is deemed required, Defendant denies any

inference of liability and leaves Plaintiff to his proofs.

12. Paragraph 12 of the Complaint contains the effective date and other requirements of the ADA, to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

13. Paragraph 13 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

14. Paragraph 14 of the Complaint contains the effective date and other requirements of the ADA, to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability, denies any violations exist, including those listed in paragraph 19 of the Complaint, and leaves Plaintiff to his proofs.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and further denies that Plaintiff is entitled to any of the damages, fees, costs or other expenses or relief sought in paragraph 38 of the Complaint, or to any other damages or relief.

28. Paragraph 28 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability, and leaves Plaintiff to his proofs.

## SECOND CAUSE OF ACTION - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHT LAW

29. Paragraph 29 of the Complaint contains a quote from the New York City Human Rights Law, to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. As its response to the second paragraph 31 of the Complaint, Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

## THIRD CAUSE OF ACTION - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHT LAW

32. Paragraph 32 of the Complaint contains a quote from the New York State Human Rights Law, to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

33. Paragraph 33 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any inference of liability and leaves Plaintiff to his proofs.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. As its response to the second paragraph 36 of the Complaint, Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

## DAMAGES, ATTORNEYS' FEES, AND COSTS

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and further denies that Plaintiff is entitled to any of the damages or relief sought in paragraph 37 of the Complaint, or to any other damages or relief.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint and further denies that Plaintiff is entitled to any of the damages, fees, costs or other expenses or relief sought in paragraph 38 of the Complaint, or to any other damages or relief.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint and further denies that Plaintiff is entitled to any of the damages or relief sought in paragraph 39 of the Complaint, or to any other damages or relief.

40. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause on page 11 of the Complaint, or to any other damages or relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise bear.

## FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, claim preclusion, issue preclusion, unclean hands, preemption, consent, contract, lease agreement, and waiver.

### FOURTH DEFENSE

Defendant at all times, in all manners, acted in accordance with any and all duties and obligations under federal, New York state, city, and local law, and their regulations.

### FIFTH DEFENSE

Plaintiff did not and does not have a legitimate and/or bona fide intent to attempt to access the location(s) identified in his Complaint other than for the purpose of pursuing litigation and, therefore, lacks standing to bring the claims asserted in his Complaint.

### SIXTH DEFENSE

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendant's alleged violations of the ADA, the New York State Human Rights Law or the New York City Human Rights Law.

### SEVENTH DEFENSE

Plaintiff lacks standing to challenge the alleged barriers in areas of the subject property he did not visit prior to filing his Complaint.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff is not disabled as defined by the ADA and/or the New York State Human Rights Law or New York City Human Rights Law.

### NINTH DEFENSE

Plaintiff has failed to provide good faith notice to Defendant and/or any opportunity for

Defendant to respond regarding any alleged barrier of access to the premises, or goods and/or services before filing his Complaint.

## TENTH DEFENSE

Where Defendant determined that it was not readily achievable to remove barriers, Defendant utilized alternative methods to provide full and equal access to the goods, services, facilities, privileges, advantages and accommodations of the subject premises, as expressly provided for by the ADA, New York State Human Rights Law, and New York City Human Rights Law.

## ELEVENTH DEFENSE

The accommodations demanded by Plaintiff and/or the removal of the alleged barriers to access of persons with disabilities are not readily achievable, feasible, and/or would result in an undue burden on Defendant.

## TWELFTH DEFENSE

Defendant did not discriminate against Plaintiff because providing the accommodations that Plaintiff requests in his Complaint would have caused Defendant to suffer an "undue hardship", as defined by the ADA.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the removal of the alleged barriers mentioned in the Complaint are not "readily achievable" or easily accomplished and able to be carried out without much difficulty or expense, within the meaning of the ADA.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, and/or they do not trigger an "alteration" legal standard, including that the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire

7

"alteration."

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because any alterations made by Defendant are sufficient in that they satisfy the "to the maximum extent feasible" standard within the meaning of 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because, with respect to any particular architectural element of any of the subject property that departs from accessibility guidelines, Defendant provided "equivalent facilitation" in the form of alternative policies and technologies that provide substantially equivalent or greater access to and usability of the facilities.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable and do not materially impair Plaintiff's use of an area of the subject property for any intended purpose.

## EIGHTEENTH DEFENSE

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Defendant is not responsible.

## NINETEENTH DEFENSE

Plaintiff's claims are barred or limited to the extent he has failed to mitigate the damages alleged in his Complaint.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations, constitutional provisions and/or laws.

## TWENTY-FIRST DEFENSE

Defendant did not intentionally impede or impair access to Plaintiff, and at all times acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to recover attorneys' fees under the ADA or any other statute to the extent Defendant has or will take appropriate measures to remedy the alleged barriers to access.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of after-acquired evidence.

Defendant reserves the right to assert such additional defenses as may appear and prove applicable during the course of the litigation.

**WHEREFORE,** Defendant prays that the Court enter a judgment:

1. dismissing the Complaint with prejudice;

2. granting to Defendant its costs, including attorneys' fees, incurred in this action; and

3. granting to Defendant such other and further relief as the Court may deem just and proper.

Dated: July 15, 2019                              Respectfully Submitted,

                                                           *s/ Jeremi L. Chylinski, Esq.*

                                                           Jeremi L. Chylinski, Esq.
GORDON & REES LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
P: (212) 269-5500
F: (212) 269-5505
jchylinski@grsm.com

*Attorneys for Defendant GSH Associates, LLC*

## **CERTIFICATE OF SERVICE**

I, Jeremi L. Chylinski, Esq., hereby certify that on this date I caused a true copy of the foregoing Defendant GSH Associates, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint to be served on all counsel of record via the Court's electronic filing system.

Executed on this 15th day of July, 2019.

*Jeremi L. Chylinski, Esq.*
Jeremi L. Chylinski, Esq.